UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JONATHAN DURAN,

    Plaintiff,                                                  1:15-cv-5940
                                                             **COMPLAINT**

    -against-

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.
------------------------------------------------------------------x

## INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff Jonathan Duran, an individual consumer, against Defendant Midland Credit Management, Inc. for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d). Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff Jonathan Duran is a natural person residing in the Bronx, New York and is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

4. Defendant Midland Credit Management, Inc. is a Kansas corporation, duly authorized and qualified to do business in the state of New York.

5. Defendant's principal purpose is the collection of debts and defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)

**FACTUAL ALLEGATIONS**

6. On November 21, 2014, Defendant sent a letter to plaintiff in an attempt to collect a debt plaintiff allegedly owed to Citibank. The letter was mailed to an address on East 159th Street in the Bronx, New York (the "East 159th Street Address") – which is the apartment of plaintiff's brother Jose Duran.

7. The letter was an attempt to collect a debt allegedly owed by the plaintiff to Citibank, N.A. ("Citibank"). Jose opened the letter. He did not know that plaintiff allegedly owed a debt to Citibank.

8. Plaintiff resides in an apartment on Third Avenue in the Bronx, New York (the "Third Avenue address").

9. Plaintiff has never resided at the apartment with the 159th Street address, has never given that address to Citibank or to defendant, and has never had a credit account using that address. The plaintiff has never had a joint credit account with his brother Jose.

10. Plaintiff called defendant on the telephone and asked why it sent a collection letter to his brother, and where it found his brother's address. Defendant never provided answers to either question.

11. As a result of receiving the letter at his address, Jose Duran believed that the plaintiff had fraudulently opened a credit card in his name. Only after verifying that the Citibank account was not listed on his credit reports did plaintiff's brother accept that plaintiff had not opened a credit card account in his name.

12. The defendant's actions damaged the plaintiff by straining his relationship with his brother, causing him emotional distress and embarrassment, and damaging his reputation.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

13. The plaintiff hereby re-alleges and incorporates by reference each of the allegations in the paragraphs above.

14. The plaintiff Jonathan Duran is a "consumer" as that term is used in 15 U.S.C. § 1692a(3).

15. Defendant Midland Credit Management, Inc. is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

16. The alleged underlying debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5).

17. Defendant violated 15 U.S.C. § 1692c(b) by communicating, in connection with the collection with a debt, with a third party, notably the plaintiff's brother, without the prior consent of the plaintiff or the express permission of a court of competent jurisdiction

18. Defendant violated 15 U.S.C. § 1692f by mailing the letter to plaintiff's brother in an attempt to collect the alleged debt from the plaintiff.

19. As a result of the defendant's unlawful conduct the plaintiff suffered actual damages and is entitled to statutory damages pursuant to 15 U.S.C. § 1692k(a).

**WHEREFORE,** the plaintiff respectfully requests that judgment be entered as follows:

A. Awarding the plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

B. Awarding the plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Awarding the plaintiff attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

D. Granting such other and further relief as the Court deems just.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN**.

Dated: July 29, 2015
      New York, NY

                                                                                    _____
                                                                                   Kevin Mallon
                                                                                   Sameer Birring
                                                                                   MALLON CONSUMER LAW GROUP, PLLC
                                                                                  One Liberty Plaza
                                                                                  165 Broadway, Suite 2301
                                                                                  (646) 759-3663
                                                                                  consumer.esq@outlook.com
                                                                                  Attorneys for Plaintiff