UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/16
```

JONATHAN DURAN,

                     Plaintiff,

-v-

MIDLAND CREDIT MANAGEMENT, INC.,

                     Defendant.

No. 15-cv-5940 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Jonathan Duran brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), alleging that Defendant Midland Credit Management, Inc., violated Sections 1692c(b), 1692c(a)(1), and 1692f of the FDCPA when it mailed a debt collection letter to Plaintiff at the address of Plaintiff's brother, where Plaintiff has never resided. Now before the Court is Defendant's motion to dismiss Plaintiff's second amended complaint (Doc. No. 13 ("Compl.")) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 15.) For the reasons set forth below, Defendant's motion is denied, except to the extent it seeks the dismissal of the alleged violations of Sections 1692c(b) and 1692f of the FDCPA.

I. Background[1]

The alleged facts are straightforward. Defendant is a Kansas corporation registered to do business in New York, and its principal purpose is the collection of debts. (Compl. ¶¶ 4–5.) On November 21, 2014, Defendant sent a letter to Plaintiff, a resident of the Bronx, in an attempt to collect a debt Plaintiff allegedly owed to Citibank. (*Id.* ¶¶ 3, 6–7.) Defendant addressed the letter to Plaintiff by name but mailed it to the address of Plaintiff's brother, Jose Duran, who also resides in the Bronx. (*Id.* ¶ 6.) Plaintiff has never resided at his brother's address, never gave that address to Citibank or to Defendant, has never had a credit account that used that address, and has never had a joint credit account with his brother. (*Id.* ¶ 9.) Prior to sending the November 21, 2014 letter, Defendant had sent correspondence to Plaintiff's correct address. (*Id.* ¶ 8.) Based on these alleged facts, Plaintiff asserts that Defendant "knew" or "should have known" that the address to which it mailed the November 21, 2014 letter was not Plaintiff's address. (*Id.* ¶ 10.)

Plaintiff's brother opened the letter and, upon reviewing it, learned that Plaintiff allegedly owed a debt to Citibank. (*Id.* ¶ 7.) As a result, Plaintiff's brother concluded that Plaintiff had incurred the debt after fraudulently opening a credit card account in his name. (*Id.* ¶ 12.) Although Plaintiff's brother eventually verified that the Citibank account was not listed on his own credit reports and accepted that Plaintiff had not opened a credit card account in his name (*id.*), Plaintiff alleges that Defendant's actions "strain[ed] [Plaintiff's] relationship with his brother, caus[ed] him emotional distress and embarrassment, and damag[ed] his reputation" (*id.* ¶ 13).

---

[1] The following facts, unless otherwise noted, are drawn from the second amended complaint. (Doc. No. 13.) *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). In resolving Defendant's motion, the Court has also considered Defendant's memorandum of law in support of the motion to dismiss (Doc. No. 16 ("Def. Mem.")), Plaintiff's memorandum of law in opposition to the motion (Doc. No. 20 ("Pl. Opp.")), and Defendant's reply (Doc. No. 21 ("Def. Reply")). Because the Court must accept Plaintiff's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in Plaintiff's favor, *see ATSI Commc'ns*, 493 F.3d at 98, the Court does not consider Defendant's "Statement of Material Facts Not in Dispute" (Doc. No. 16-1), which in any event simply restates certain allegations from the second amended complaint (*see id.* ¶¶ 1–3 (citing Compl. ¶¶ 6–13)).

Plaintiff initiated this action by filing a complaint on July 29, 2015. (Doc. No. 1.) Thereafter, Plaintiff filed his first amended complaint on September 8, 2015 (Doc. No. 11), and, following an initial conference on September 9, 2015, filed his second amended complaint on September 25, 2015 (Doc. No. 13). As noted above, Plaintiff alleges that Defendant violated Sections 1692c(b), 1692c(a)(1), and 1692f of the FDCPA by mailing a debt collection letter to Plaintiff at the address of Plaintiff's brother, where Plaintiff has never resided. (*Id.* ¶¶ 18–20.) On October 8, 2015, Defendant filed the instant motion to dismiss the second amended complaint. (Doc. No. 14.) Defendant argues that dismissal is appropriate because Plaintiff's brother violated federal criminal law when he opened the November 21, 2014 letter, and thus it was Plaintiff's brother's criminal conduct – not Defendant's alleged violations of the FDCPA – that caused Plaintiff's alleged damages. (Def. Mem. at 2.) Defendant also argues that mailing a debt collection letter to the correct addressee but to an improper address does not constitute a violation of the FDCPA. (*Id.* at 7.)

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns*, 493 F.3d at 98; *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). To meet this standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d

3

at 98. However, that tenet "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570.

### III. DISCUSSION

Congress passed the FDCPA to "'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016) (quoting 15 U.S.C. § 1692(e)). Accordingly, the Second Circuit has "'consistently interpreted the statute with these congressional objects in mind,'" *id.* (quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008) (brackets omitted)), and "'in liberal fashion to achieve the underlying Congressional purpose,'" *id.* (quoting *Vincent v. Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (brackets omitted)). Of course, as with any statute, the Court's interpretation of the FDCPA "begin[s] with [the statute's] language and proceed[s] under the assumption that the statutory language, unless otherwise defined, carries its plain meaning." *Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72, 76 (2d Cir. 2015). Thus, the Court begins by "consider[ing] the ordinary, common-sense meaning of the words used in the statute," and, "[a]bsent ambiguity, interpretation of the statute will generally end there." *Id.* (internal quotation marks omitted).

### A. Section 1692c(b)

Plaintiff's principal claim is that Defendant violated Section 1692c(b) of the FDCPA by mailing a single debt collection letter bearing Plaintiff's name to Plaintiff's brother's address.

(Compl. ¶ 18.) Section 1692c(b) prohibits debt collectors from communicating with parties other than the consumer, as follows:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b). Defendant argues that dismissal of Plaintiff's Section 1692c(b) claim is appropriate because the November 21, 2014 letter "was properly addressed to the [P]laintiff," and Plaintiff's brother only learned of Plaintiff's alleged debt after he violated federal criminal law by opening an envelope that was not addressed to him. (Def. Mem. at 2.)

But whether or not Plaintiff's brother committed a crime by opening Plaintiff's mail, the Court concludes that Defendant did not "communicate . . . with" Plaintiff's brother as required by Section 1692c(b). Section 1692c(b) uses the verb "communicate" intransitively; in other words, without an object. The Merriam-Webster Online Dictionary defines "communicate," in the only intransitive definition applicable here, as "to transmit information, thought, or feeling so that it is satisfactorily received or understood." *Merriam-Webster Online Dictionary*, http://www.merriam-webster.com/dictionary/communicate (last visited June 29, 2016). This definition implies a degree of intent on the part of the communicator that his communication will be received or understood by another. Furthermore, Section 1692c(b)'s use of the phrase "communicate . . . *with*" makes explicit that the debt collector must to some degree intend that his communication will be received or understood by someone "other than the consumer" or a permissible third party. Based on these considerations, the Court concludes that a debt collector who addresses a sealed envelope to a consumer, as Defendant did here, does not "communicate

5

. . . with any person other than the consumer" "in connection with the collection of a debt," except to the extent the envelope itself reveals that the mailing is "in connection with the collection of a debt." 15 U.S.C. § 1692c(b). A broader interpretation of "communicate with" would stretch that phrase beyond its plain meaning and subject debt collectors to potential FDCPA liability when a debt collector sends a letter to the consumer at the *correct* address, but a third party, for example, steals the letter in violation of federal criminal law, receives the letter due to a mistake by the post office, or cohabitates with the consumer and physically receives the letter. It would be unreasonable to construe "communicate with" so broadly as to encompass the accidental transmittal of information to an eavesdropper or interceptor. It simply cannot be said that John Gotti "communicated with" the law enforcement agents who were listening to his phone calls via wiretap, or that the Nazis "communicated with" the Allies when the Allies cracked the Enigma code. While the FDCPA was passed to "eliminate abusive debt collection practices" and must be construed "in liberal fashion to achieve the underlying Congressional purpose," *Avila*, 817 F.3d at 75, that tenet does not support liberality to the point of absurdity.

The Court's interpretation of "communicate . . . with any person other than the consumer" is consistent with most of the handful of decisions identified in the parties' briefs, and by the Court's own research, that have interpreted this clause in the context of mail addressed solely to the consumer but sent to an incorrect address. *See Strouse v. Enhanced Recovery Co.*, 956 F. Supp. 2d 627, 634–35 (E.D. Pa. 2013) (granting summary judgment because defendant "addressed all its communications to either [plaintiff] or counsel," and thus mailings delivered to plaintiff's parents' home "d[id] not qualify as communications with a third party" in violation of Section 1692c(b)); *Moore v. Fein, Such, Kahn & Shepard, P.C.*, No. 12-cv-1157 (JLL), 2012 WL 3945539, at *2–3 (D.N.J. June 13, 2012) (dismissing Section 1692c(b) claim where plaintiff had not alleged that a

letter addressed to her but mailed to her father's address "gave an indication to her father that the 'communication' was one concerning a debt"); *Segal v. Nat'l Action Fin. Servs., Inc.*, No. 04-cv-2388 (JSM), 2006 WL 449176, at *7 (M.D. Fla. Feb. 22, 2006) (granting summary judgment because "[t]he act of sending one letter addressed to a consumer but sent to the wrong address does not alone appear to indicate a violation by [d]efendant of [Section] 1692c(b)," where "[t]he record is devoid of evidence as to any other indicators on the envelope that would have 'communicated' to a third party that such letter was connected with the collection of a debt against [plaintiff]"); *see also Davis v. Phelan Hallinan & Diamond, PC.*, No. 15-cv-3621 (RBK), 2016 WL 1078166, at *5 (D.N.J. Mar. 18, 2016) (observing that, "[e]ven if the letters were delivered to" third-party addresses, the letters "[we]re still not properly considered communications" because they "were addressed to [p]laintiff only, and there [wa]s no indication that the envelopes in which the letters were sent contained any information which would indicate the [letters] were in connection with debt"), *appeal docketed*, No. 16-1952 (3d. Cir. Apr. 19, 2016).[2] The Court's interpretation is also consistent with Federal Trade Commission commentary on Section 1692c(b) of the FDCPA, which, although not binding on the Court, distinguishes between an envelope that displays information about a debt and an envelope that does not. *See* Statements of General Policy or

---

[2] In light of the Court's interpretation of "communicate with," the Court finds unpersuasive the two decisions relied on by Plaintiff that sustained Section 1692c(b) claims based on mailings addressed to the consumer but sent to incorrect addresses, *see Burnside v. AFNI, Inc.*, No. 13-cv-2957 (RWG), 2013 WL 5718438, at *2 (N.D. Ill. Oct. 21, 2013) (holding that "a letter bearing plaintiff's name but the street address of plaintiff's parents c[ould] be considered a communication under the meaning of the [FDCPA]" because the mere fact that "the letter bore plaintiff's name and not his parents' does not negate the fact that a third party learned of plaintiff's alleged debt" after defendant mailed a letter to that third party's address); *Schwinn v. Shapiro & Ingle, LLP*, 12-cv-5 (LWF), 2013 WL 1010457, at *1, 4–5 (E.D.N.C. Mar. 13, 2013) (holding that plaintiff had pled a violation of Section 1692c(b) because "there [wa]s no allegation in the complaint to support an inference that defendant simply used the wrong address where defendant mailed the letter to plaintiff at three addresses, one of which being plaintiff's residence and the other two being addresses of plaintiff's relatives"), though the allegations in those cases may have supported a claim under Section 1692c(a)(1), as similar allegations do here, *see* Section III.B below. The remaining decision on which Plaintiff relies for his Section 1692c(b) claim is distinguishable from the facts alleged here. *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1019, 1024–26 (9th Cir. 2012) (holding that defendant violated Section 1692c(b) by "sen[ding] a debt collection letter addressed directly to [p]laintiff . . . in 'care of' her employer").

Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, 50104 (Dec. 13, 1988) ("A debt collector may not send a written message that is easily accessible to third parties. For example, he may not use a computerized billing statement that can be seen on the envelope itself."). Applying the Court's interpretation of "communicate with" as set forth above, the Court finds that Defendant did not "communicate . . . with any person other than" Plaintiff "in connection with the collection of a debt" when it allegedly addressed a sealed envelope to Plaintiff, included no information on the envelope itself concerning a debt, but sent that envelope to Plaintiff's brother's address, where Plaintiff does not reside. Accordingly, the Court grants Defendant's motion to dismiss as to Plaintiff's Section 1692c(b) claim.

### B. Section 1692c(a)(1)

The Court reaches a different conclusion on Plaintiff's Section 1692c(a)(1) claim, which is based on the same factual allegations underlying Plaintiff's Section 1692c(b) claim. Section 1692c(a)(1) prohibits debt collectors from communicating with consumers at an "unusual" or "inconvenient" time or place, as follows:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location . . . .

15 U.S.C. § 1692c(a)(1). By alleging that Defendant – after sending correspondence to Plaintiff's correct address – sent correspondence to Plaintiff at Plaintiff's brother's address, where Plaintiff does not reside (Compl. ¶¶ 6, 8–10), Plaintiff has sufficiently pled that Defendant communicated

8

with him at an "unusual . . . place or a . . . place known or which should be known to be inconvenient to" Plaintiff. 15 U.S.C. § 1692c(a)(1).

Defendant's arguments in favor of dismissal are unavailing. First, Defendant asserts that its "records reflect that it sent the November 21, 2014 letter to the [P]laintiff . . . at an address the [D]efendant . . . believed was the correct address for him." (Def. Mem. at 7.) While this argument, if supported by the evidence, may ultimately carry the day on summary judgment or at trial in light of the affirmative defense provided by Section 1692k(c) of the FDCPA, *see Russell v. Equifax A.R.S.*, 74 F.3d 30, 33–34 (2d Cir. 1996) ("a debt collector may escape liability if it can demonstrate by a preponderance of the evidence that its 'violation [of the FDCPA] was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error'" (quoting 15 U.S.C. § 1692k(c))), this is an affirmative defense based on Defendant's own assertions outside the second amended complaint and thus cannot be considered on a motion to dismiss, *see Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("In considering a motion under [Rule] 12(b)(6) . . . , the district court is normally required to look only to the allegations on the face of the complaint.").

Second, Defendant asserts that it did not communicate with Plaintiff at an "unusual" or "inconvenient" time because "no communication would have taken place but for the improper conduct of the [P]laintiff's brother in violation of federal law." (Def. Mem. at 9.) But the fact that Plaintiff's brother opened the letter, improperly or not, has no bearing on the alleged facts supporting Plaintiff's Section 1692c(a)(1) claim: if Plaintiff's brother had simply delivered the envelope to Plaintiff without opening it, Defendant still would have communicated with Plaintiff by mailing a letter to Plaintiff's brother's residence – an "unusual" or "inconvenient" place.

Third, Defendant asserts that "[P]laintiff did not respond to two prior letters sent to his correct address regarding his outstanding debt obligation" and therefore "cannot be rewarded for ignoring initial communications at his home." (Def. Reply at 6.) But it is Congress's role, not the Court's, to make the policy decision that, notwithstanding the protections of the FDCPA, a consumer "cannot be rewarded" for certain conduct. Defendant points to no provision in the FDCPA – and the Court is aware of none – that entitles a debt collector to communicate with a consumer at an "unusual" or "inconvenient" time if the consumer has "ignor[ed] initial communications at his home." (*Id.*) Defendant's policy argument is thus misplaced and fails as a basis for dismissing the second amended complaint. Accordingly, Defendant's motion to dismiss must be denied as to Plaintiff's Section 1692c(a)(1) claim.

C. Section 1692f

Finally, Plaintiff claims that Defendant violated Section 1692f (Compl. ¶ 20), which generally prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt," *see* 15 U.S.C. § 1692f. "Eight subsections [of Section 1692f] list certain practices that violate the section[;] however, conduct that may be deemed 'unfair or unconscionable' is not limited to the acts enumerated in [those] subsections . . . ." *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006) (internal quotation marks omitted). "Instead, [Section] 1692f allows the court to sanction improper conduct that the FDCPA fails to address specifically." *Id.* (internal quotation marks omitted). However, "'[w]here the allegations do not identify any misconduct beyond that which plaintiff asserts violates other provisions of the FDCPA, plaintiff has not stated a claim for relief under [S]ection 1692f.'" *See Ghulyani v. Stephens & Michaels Assocs., Inc.*, No. 15-cv-5191 (SAS), 2015 WL 6503849, at *2 (S.D.N.Y. Oct. 26, 2015) (quoting *Suquilanda v. Cohen & Slamowitz, LLP*, No. 10-cv-5868 (PKC), 2011 WL 4344044, at *9 (S.D.N.Y. Sept. 8, 2011)); *see also Sussman v. I.C. Sys., Inc.*, 928 F. Supp. 2d

784, 797 (S.D.N.Y. 2013) (same); *Foti*, 424 F. Supp. 2d at 667 (same). Since Plaintiff's Section 1692f claim is based entirely on the alleged conduct underlying his claims under Sections 1692c(b) and 1692c(a)(1), the Court dismisses the Section 1692f claim.

### IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT Defendant's motion to dismiss Plaintiff's second amended complaint is DENIED, except to the extent it seeks the dismissal of the alleged violations of Sections 1692c(b) and 1692f of the FDCPA. The Clerk of the Court is respectfully directed to terminate the motion pending at docket number 15. IT IS FURTHER ORDERED THAT the discovery stay in this matter is lifted. The parties shall submit a proposed case management plan and scheduling order by July 7, 2016. A template for the order is available at: http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1059.

SO ORDERED.

Dated:   June 30, 2016
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE